UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH L. GARTNER-MAURO,

    Plaintiff,

v.                                       Case No: 2:17-cv-624-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Deborah L. Gartner-Mauro's Complaint, filed on November 14, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disabled widow's benefits and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B.     **Procedural History**

On December 12, 2013, Plaintiff filed an application for supplemental security income. (Tr. at 176, 263-66). Also, on January 13, 2015, Plaintiff filed a claim for disabled widow's insurance benefits. (*Id.* at 278-81). Plaintiff initially asserted an onset date of January 15, 2009, but later amended the onset date to January 1, 2015. (*Id.* at 59, 263, 282-83). Plaintiff's application was denied initially on February 21, 2014 and on reconsideration on April 16, 2014. (*Id.* at 176, 196). Administrative Law Judge T. Whitaker ("ALJ") held a hearing on May 26, 2016. (*Id.* at 87-138). The ALJ issued an unfavorable decision on September 15, 2016. (*Id.* at 59-71). The ALJ found Plaintiff not to be under a disability from January 1, 2015, through the date of the decision. (*Id.* at 71).

On September 23, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on November 14, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 22).

C.     **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff meets the insured status requirements through June 1, 2012. (Tr. at 62). Further, the ALJ found that Plaintiff has attained the age of 50 and is the unmarried widow of the deceased insured worker. (*Id.*). The ALJ also found that Plaintiff met the non-disability requirements for disabled widow's benefits set forth in the Social Security Act. (*Id.*). Further, the ALJ found that the prescribed period ends on July 31, 2021. (*Id.*).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2015, the amended alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following:

> The claimant has the following severe impairments: degenerative disc disease, facet arthropathy and stenosis of lumbar spine with chronic low back pain syndrome; tendon tear, tendinosis, subacromial bursitis, and Type I anterior acromion of right shoulder with chronic pain; right knee tear and intramensical cysts; obesity; polymyalgia/polyarthralgia syndrome; major depressive disorder; mood disorder; bipolar disorder; bipolar disorder with psychotic features; schizoaffective disorder; anxiety; post traumatic stress disorder; panic disorder without agoraphobia; obsessive compulsive disorder nos; narcissistic personality disorder; personality disorder, nos; polysubstance dependence; history of

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

> fluorinated hydrocarbon abuse; cocaine abuse and dependence; opioid dependence; and alcohol dependence (20 CFR 404.1520(c) and 416.920(c)).

(*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id*. at 63).

At step four, the ALJ determined:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) and 416.967(b) except lift, push, pull and carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours of an 8 hour work day; stand and walk, in combination, 6 hours of an 8 hour work day; occasional climb ladders, ropes and scaffolds; frequent balance, kneel, crouch, and climb ramps and stairs; only occasional stooping and crawling; with the dominant right upper extremity frequent reaching in front and lateral; frequent overhead reaching with the dominant right upper extremity; limited to simple, routine and repetitive work; limited to a work environment free of fast paced production requirements; limited to work with no interaction with the public, occasional interaction with coworkers, and occasional interaction with supervisors; and limited to work that allows the individual to be off task ten percent of the workday in addition to regularly scheduled breaks.

(*Id.* at 65).

The ALJ determined that Plaintiff is unable to perform any past relevant work. (*Id.* at 69). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 70). The ALJ noted that the vocational expert identified the following representative occupations for an individual with Plaintiff's age, education, work experience, and residual functional capacity ("RFC"): (1) route clerk, DOT # 222.687-022, light, SVP 2; (2) marker II, DOT # 920.687-126, light, SVP 2; and (3) egg handler,

DOT # 529-687.074, light SVP 2. (*Id.*).[2] The ALJ concluded that Plaintiff was not under a disability from January 1, 2015, through the date of the decision. (*Id.* at 71).

**D.      Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.      Analysis**

On appeal, Plaintiff raises two issues. As stated by the parties, they are:

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

5

> (1) Whether the ALJ erred by failing to discuss the medical records developed after Plaintiff's amended disability onset date when evaluating Plaintiff's mental impairments.
>
> (2) Whether the ALJ erred in failing to meet her obligations to develop a full and fair record.

(Doc. 27 at 14, 22).

The Court addresses the issue as to whether the ALJ erred by failing to discuss the more recent medical records below.

### A. Whether the ALJ Erred in the Discussion of the Medical Records

Plaintiff argues that the ALJ erred "by failing to discuss *any* of the evidence related to [Plaintiff's] mental impairments after her amended onset date of disability." (*Id.* at 15 (original emphasis)). Plaintiff states that she amended her onset date to January 1, 2015, "so that she was alleging disability only after she had achieved sobriety." (*Id.*). Plaintiff further claims that "[d]espite Plaintiff amending her alleged disability onset date, the ALJ based her findings regarding Plaintiff's mental impairments on the medical evidence from 2012 through 2014 without discussing the 2015 and 2016 medical evidence *at all*." (*Id.* (original emphasis)).

The Commissioner argues that the ALJ "explicitly considered" the entire record in determining Plaintiff's RFC, and substantial evidence supports the ALJ's assessment. (*Id.* at 18). The Commissioner contends that the ALJ "properly considered the medical records dated both before and after the amended onset date." (*Id.* at 19). The Commissioner also acknowledges that "while the ALJ could have provided a more detailed discussion of the evidence," there is no rigid requirement "'that the ALJ specifically refer to every piece of evidence in [her] decision,' so long as the decision is not a 'broad rejection' that leaves the district court with insufficient information to conclude that the ALJ considered the claimant's medical condition as a whole," citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). (*Id.* at 22).

6

Here, the Court must determine whether the ALJ considered all of the medical evidence when formulating Plaintiff's RFC and whether substantial evidence supports the ALJ's decision. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In the decision in this case, the ALJ cited to the medical evidence dated after the alleged amended onset date of January 1, 2015 and related to Plaintiff's mental impairments in the following paragraph:

> The treatment records from Lee Mental Health and SalusCare show several attempts were made to contact the claimant but was unsuccessful. The claimant was initially not open to any services at SalusCare. When she was Baker Acted, she signed out and failed to follow up. Treatment notes show suicide and homicide ideation were absent. She reported long history of mood disorder and anxiety since adolescence she has a history of inpatient psychiatric hospitalizations. She reported she was Baker Acted in March 2012 after she relapsed on drugs. She reported a history of opiate dependence. She reported she goes to AA and NA. The claimant's thoughts were organized, goal directed, and disclosive. She denied hallucinations. There is no evidence of specific delusions. She reported the medication helps but she does not take it regularly. The claimant reported she "faked it." (See Exhibits B3F, B9F, B10F-B13F).

(Tr. at 67). Specifically, the ALJ refers to the medical records dated after the amended alleged onset date of January 1, 2015 in the string cite, "B10F-B13F." (*Id.*).

The parties summarize the medical evidence that occurred after the amended alleged onset date in their Joint Memorandum. (Doc. 27 at 8-12). The Court adopts the summary. (*Id.*). Plaintiff repeatedly sought mental health treatment from April 1, 2015 through May 12, 2016. (*Id.*). These treatment notes contain observations, diagnoses, medication recommendations, and treatment that the ALJ did not discuss in the decision. (*Compare id.*, *with* Tr. at 67). Further, the Court finds that the ALJ's general statement that she carefully considered "the entire record" to be insufficient in this case to show that she considered the relevant medical records after the alleged onset date. (Tr. at 65). Even though an ALJ is not required to refer specifically to every piece of medical evidence, *see Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005), here the ALJ barely mentioned this relevant medical evidence beyond simply listing it in a string cite, (Tr. at 67). Thus, the Court finds that this broad rejection of the medical evidence from 2015 to 2016 "is 'not enough to enable [this Court] to conclude that [the ALJ] considered [Plaintiff's] medical condition as a whole.'" *Dyer*, 395 F.3d at 1211 (citing *Foote*, 67 F.3d at 1561). Moreover, without a more detailed discussion of these medical records, the Court cannot determine whether the ALJ's conclusion as a whole is supported by substantial evidence. *Id.*. (citing *Foote*, 67 F.3d at 1558).

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence.

**B.     Plaintiff's Remaining Arguments**

Plaintiff's remaining issue focuses on whether the ALJ erred in failing to develop a full and fair record. (Doc. 27 at 22-30). Because the Court finds that on remand, the Commissioner must reevaluate the medical evidence dated after the amended alleged onset date of January 1, 2015, the disposition of this remaining issue would, at this time, be premature.

### III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that:

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) the medical evidence of record dated after the alleged amended onset date of January 1, 2015; and (2) whether the record is fully and fairly developed.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on February 12, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties